UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT L. CITROEN, LAW CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) MICRON OPTICS, INC., ) ) Defendant. ) ) | Case No.  3:16-cv-00570-RCJ-WGC<br><br>**MINUTES OF PROCEEDINGS**<br><br>January 10, 2017 |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden  </u>     REPORTER:   <u>           FTR            </u>

COUNSEL FOR PLAINTIFF: <u>Stephen Kent (present)                              </u>

COUNSEL FOR DEFENDANTS:   <u>Sandra Ketner (present)                    </u>

**MINUTES OF PROCEEDINGS: Case Management Conference**

1:37 p.m.  Court convenes.

     The court is in receipt and has reviewed the parties' case management report (ECF No. 21).  The court entered the scheduling order (ECF No. 15) on November 30, 2016.

     The court addresses Robert L. Citroen's "Motion to Stay Discovery Pending Disposition of Motion to Dismiss Counterclaim" (ECF No. 20).

     Mr. Kent argues that Robert L. Citroen has not been properly named as a party counterdefendant to Micron's counterclaim.  Therefore, it is Mr. Citroen's position that discovery be stayed pending the court's decision whether Mr. Citroen is a proper party as counterdefendant (as possibly opposed to a third party defendant).

     Ms. Ketner argues that Micron has properly named Mr. Citroen as a party pursuant to Fed. R. Civ. P. 13(h) and Mr. Citroen has an obligation to participate in discovery.  Furthermore, Ms. Ketner indicates  should the court rule in Mr. Citroen's favor regarding the motion to dismiss (ECF No. 13), he will nevertheless be added as a party by way of a third party complaint.  Ms. Ketner suggests that depending on the court's order regarding the motion to stay discovery,

Minutes of Proceedings
3:16-cv-00570-RCJ-WGC
January 10, 2017

the scheduling order may need to be revised.

      Having heard from counsel, the court is not convinced a discovery stay is appropriate. The court explains discovery stays are typically denied because of the time involved to resolve a motion to dismiss, which in any event often result with leave to amend the complaint. Additionally, although the motion to dismiss is the determination of District Judge Jones, it is the court's analysis that the counterclaim is properly asserted, but if not, it will likely be asserted in a third party complaint, thereby retaining Mr. Citroen as a party in the case. Finally, the court finds there is a sufficient nexus between Mr. Citroen individually and as the law corporation with the contact with Micron Optics Inc., such that staying discovery would be inappropriate. Therefore, Robert Citroen's motion to stay (ECF No. 20) is **DENIED**.

      The court next addresses the current scheduling order (ECF No. 15) and the deadlines contained therein. Ms. Ketner requests a three (3) month extension to the deadlines. Mr. Kent requests to meet with counsel outside of today's hearing to discuss the extension of deadlines. The court agrees it is appropriate for counsel to first discuss the matter of extending the deadlines outside of today's hearing. If the parties agree on a revised schedule of deadlines, they are directed to submit a stipulation for an extension of time concerning the scheduling order deadlines and include the proposed dates. If the parties are unable to agree on the dates, counsel shall contact Ms. Ogden to schedule a status conference.

      Should the parties be interested in scheduling a settlement conference, counsel shall contact Ms. Ogden for prospective dates.

      There being no additional matters to address at this time, court adjourns at 2:05 p.m.

      DEBRA K. KEMPI, CLERK OF COURT

      By: _____/s/_____
      Katie Lynn Ogden, Deputy Clerk