# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT L. CITROEN, LAW CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON OPTICS, INC., a Georgia corporation, *et al.*,<br><br>Defendants.<br>_____<br>MICRON OPTICS, INC., a Georgia corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>ROBERT L. CITROEN, LAW CORPORATION, *et al.*,<br><br>Counterdefendants.<br>_____ | 3:16-cv-00570-RCJ-WGC<br><br>**ORDER** |

On August 28, 2017, the court issued an order granting Defendant/Counterclaimant Micron Optics, Inc.'s (Micron) Motion to Compel Income and Tax Records. (Motion at ECF Nos. 42, 42-1 to 42-16, Order at ECF No. 52.) In that order, the court made a finding that the non-disclosure, responses and objections of Plaintiff/Counter-Defendants Robert L. Citroen, Law Corporation and Robert L. Citroen (collectively, Citroen) were not substantially justified. (ECF No. 52 at 10-11.) As a result, the court granted Micron's request for an award of reasonable expenses, including attorney's fees, incurred in connection with the motion to compel. (*Id*. at 11.) The court directed Micron to file a document setting forth the reasonable expenses, and allowed Citroen to file a response, and Micron to file a reply. (*Id*.)

Micron's counsel filed a declaration and supporting documentation in connection with Micron's request for fees. (ECF Nos. 56, 56-1, 56-2.) Citroen filed a response (ECF Nos. 62, 62-1, 62-2), and Micron filed a reply (ECF No. 63).

Micron seeks to recover $5,831.85 in fees for 22.87 hours of time at an hourly rate of $255 spent related to the motion to compel. The time spent is itemized as follows:

| Date | Attorney | Task | Hours | Amount |
|---|---|---|---|---|
| March 13, 2017 | Ketner | Preparation of meet and confer letter | .37 | $94.35[1] |
| April 13, 2017 | Ketner | Attended meet and confer conference | .3 | $76.50[2] |
| July 3, 2017 | Ketner | Preparing for meet and confer conference | .14 | $35.70[3] |
| July 3, 2017 | Ketner | Attended meet and confer | .26 | $66.30[4] |
| July 12-13-, 2017 | Paek | Research in support of motion to compel | 4.5 | $1,147.50 |

---

[1] A total of 3.7 hours were spent preparing the meet and confer letter, and counsel estimates that ten percent of that time related to the discovery issues raised in this motion to compel.

[2] The meet and confer lasted one hour, and counsel estimates that thirty percent of the time related to the issues raised in this motion to compel.

[3] 'A total of .7 hours were spent preparing for a meet and confer conference, and counsel estimates that twenty percent of that time related to issues raised in this motion to compel.

[4] A total of 1.3 hours were spent at the meet and confer conference, and counsel estimates twenty percent of that time related to issues raised in this motion to compel.

2

| Date | Attorney | Task | Hours | Amount |
|---|---|---|---|---|
| July 12-13, 2017 | Park | Drafting motion to compel | 7.5 | $1,912.50 |
| July 18, 2017 | Ketner | Revising and finalizing motion to compel | 1.6 | $408 |
| August 3, 2017 | Ketner | Reviewing opposition to motion to compel | .3 | $76.50 |
| August 8, 2017 | Ketner | Researching authority cited in Plaintiff's opposition | .4 | $102 |
| August 10, 2017 | Ketner | Preparing reply | 3.2 | $816 |
| August 24, 2017 | Ketner | Preparing supplement to reply | .6 | $153 |
| August 25, 2017 | Ketner | Preparing for hearing on motion to compel | 1.5 | $382.50 |
| August 25, 2017 | Ketner | Traveling to and from and attending the hearing | 2.2 | $561 |
| **TOTAL** | | | | **$5,831.85** |

Citroen opposes the amount of fees requested, arguing: (1) it is based on estimates of the amount of time spent on issues raised in the motion to compel when the local rule governing requests for attorney's fees requires an itemization of the costs and the actual time and labor spent; (2) the declaration in support of the request for fees does not contain all information required by Local Rule 54-14; (3) the

3

time spent to prepare the motion totals 13.6 hours, which Citroen deems excessive and unreasonable for a seventeen-page motion; (4) the time spent preparing the reply, 3.2 hours, for a five-page motion is excessive; (5) the .6 hours spent preparing the supplemental brief is unreasonable because supplemental briefing is not permitted; and (6) the time spent preparing for the hearing, and the 2.2 hours spent traveling to and attending the hearing is excessive.

## II. DISCUSSION

Citroen spends a good deal of time in its response raising arguments concerning the merits of the motion to compel, which the court has already decided. While the court certainly respects the opinions cited by Citroen of other judges within this district, as well as State Court Discovery Commissioner Wes Ayres, the court is not obligated to follow these opinions. Notably, Citroen did not cite the decisions and opinions he now relies on in his response to the motion to compel, and made no attempt to discuss how the circumstances presented in those cases are analogous to those here. Citroen was free to file an objection to the underlying order granting the motion to compel, but did not, and the time to do so has expired. Arguments as to the propriety of the order granting the motion to compel are therefore remiss.

Citroen also argues that the court should exercise its discretion to deny the requested fees because the tax documents it was ordered to produce do not show income from the sources sought by Micron. Simply because the financial documents may not show the information that Micron hoped to glean from them does not mean that Micron was not entitled to discovery of the documents in the first place, as the court already determined. Had Citroen merely provided the relevant documents in the first place with a protective order to alleviate any privacy concerns, neither the parties nor the court would have had to expend time and resources in resolving this dispute.

The court will now turn to the substance of the fee request.

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

This is the rule, unless there was no good faith meet and confer effort before the motion was filed, which is not the case here, or the opposing party's nondisclosure was substantially justified, and

4

the court has already concluded it was not. Fed. R. Civ. P. 37(a)(5)(A)(i)-(ii).

**A. Estimates of Certain Portions of Fees Requested & Compliance with Local Rule 54-14**

Relying on Local Rule 54-14, Citroen contends that the fees requested are unreasonable and that Micron is not permitted to utilize estimates of the amount of time spent on issues related to this motion during tasks that involved other discovery issues.

Preliminarily, the court will address the applicability of Local Rule 54-14 to a request for attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A). Local Rule 54-14 states that motions for attorney's fees must be filed within fourteen days *after entry of final judgment* or other order. Like many of the Local Rules, the number of the rule—54-14—corresponds to Federal Rule of Civil Procedure 54, which governs the recovery of costs and attorney's fees after judgment is entered. Therefore, Local Rule 54-14 would not apply to a request for fees under Rule 37. There is no corresponding Local Rule for Federal Rule of Civil Procedure 37. Moreover, even if this request was governed by Local Rule 54-14, under the provision for contents of the motion for Local Rule 54-14, the precipitating language is "[u]nless the court orders otherwise." LR 54-14(b). Here, the court "ordered otherwise" when it directed Micron to file a document setting forth the reasonable expenses requested in connection with the motion to compel.

Next, Citroen argues that Micron should not be awarded fees because counsel relies on estimates of time spent on issues related to this dispute when two preparation sessions for a meet and confer and the meet and confer conference involved additional discovery disputes. Citroen does not argue that the estimates are not accurate, but that Micron should not be able to rely on estimates as to time spent on issues involved in this motion at all. The court disagrees. The court appreciates the practical difficulty of parsing out time on a billing sheet for each task in a single meet and confer session related to multiple discovery disputes, and finds it sufficient that counsel included a reasonable estimate (which itself is undisputed) in her declaration, under penalty of perjury, and as an officer of the court.

**B. Time Spent Preparing the Motion**

Citroen argues that the time spent to prepare the motion is excessive. The court disagrees. 4.5 hours were spent on research for the motion; 7.5 hours were spent on the initial drafting of the motion; and, 1.6 hours were spent reviewing and finalizing the motion. The motion to compel itself is

seventeen pages long, and set forth a thorough summary of the history leading up to this discovery dispute, and a careful analysis of case law related to the discovery of financial information and tax documents, in particular. The court finds that the time spent on researching and preparing the motion was reasonable.

**C. Time Spent Preparing the Reply**

Citroen also argues that the time spent preparing the reply brief is excessive. 3.2 hours were spent on the reply brief. The court finds this was a reasonable amount of time spent responding to the arguments asserted in Citroen's response to the motion.

**D. Time Spent Preparing the Supplement**

Citroen argues that the time spent preparing a supplemental brief is not reasonable because supplemental briefs are not allowed by the Local Rules.

In its reply brief, Micron relied on certain deposition testimony and noted that the transcripts were not yet available. The court finds it was reasonable for Micron to spend .6 hours explaining that testimony further and providing the actual transcripts.

**E. Time Spent Preparing for, Traveling to, and Attending the Hearing**

Finally, Citroen argues, without elaboration, that the time spent preparing for, traveling to and from, and attending the hearing is excessive.

The court disagrees, and finds that the 1.5 hours spent preparing for the hearing, as well as the 2.2 hours spent traveling to and from and attending the hearing to be reasonable.

### III. CONCLUSION

Micron's request for fees incurred in connection with its motion to compel is **GRANTED**. ROBERT L. CITROEN, LAW CORPORATION and ROBERT L. CITROEN are ordered to pay Micron $**5,831.85 within thirty (30) days of the date of this Order.**

**IT IS SO ORDERED.**

DATED: October 3, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE