UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

ROBERT L. CITROEN, LAW
CORPORATION, a Nevada Corporation,
      Plaintiff,

vs.

MICRON OPTICS, INC.,
a Georgia corporation and JOHN
DOES I through X, ABC Corporations
I through X and Black and White
Companies I through X,
      Defendants.
_____/
MICRON OPTICS, INC., a Georgia
Corporation,
      Counterclaimant,

vs.

ROBERT L. CITROEN, LAW
CORPORATION, a Nevada Corporation;
ROBERT L. CITROEN, an individual,
DOES I-X inclusive, and ROES I-X,
inclusive,
      CounterDefendants.
_____/

Case No.: 3:16-cv-000570-RCJ-WGC

**PROTECTIVE ORDER REGARDING ROBERT L. CITROEN AND ROBERT L. CITROEN LAW CORPORATION U.S. INCOME TAX RETURNS**

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from Robert L. Citroen and Robert L. Citroen Law Corporation's tax preparer copies of their United States income tax returns including any attachments or schedules and documents reflecting income funds or benefits Citroen received from Micron, Micron Optics International, Technica, Metallikon, Karlsson & Bergkvist (Schweiz) and S.A. des Etablissements Karoly (SADEK) from 2004 to 2016. The records are confidential by law pursuant to Internal Revenue Code sections 6103, 7213 and 7431.

The parties and the court agree and recognize that these tax returns are private and confidential and include information from a non-party to this litigation and it is the intention of the parties and the court to maintain the confidentiality of these documents and to keep them as private and to limit who has access as well as limit their use.

Any motion regarding filing confidential information and motions to seal shall comply with LR 1A 10-5 and the dictates of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also*, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

This order authorizes Mr. Citroen's tax preparer, Mel Darton, if he is provided with a subpoena requesting the production of documents or commanding attendant at a deposition or trial to disclose the United States federal tax returns of Robert L. Citroen Law Corporation or Robert L. Citroen, including any attachments or schedules, and documents reflecting income funds or benefits Citroen received from Micron, Micron Optics International, Technica, Metallikon, Karlsson & Bergkvist (Schweiz) and S.A. des Etablissements Karoly (SADEK) from 2004 to 2016 to counsel for the parties in this litigation.

Counsel for the parties are expressly prohibited from using or disclosing the protected United States federal tax returns, attachments and schedules and information obtained pursuant to this order for any purpose other than this action. Counsel for the parties are ordered to maintain the confidentiality of such documents and not share them with any persons, parties or witnesses other than:

 a. The parties' litigation counsel of record or members of such counsel's firm, including associates and paralegal, clerical, secretarial, and administrative employees of such counsel of record assigned to assist in the preparation of this litigation, Micron's Chief Executive Officer and Chief Operating Officer;

 b. Employees of any professional photocopy service or other litigation support service utilized by counsel in the preparation of this litigation;

 c. Any author, recipient, or producing party of such documents;

 d. The Court and any persons employed by the Court whose duties require access to such material;

      e.      The expert of Micron, William Salinski; and

      f.      Court reporters and other persons involved in recording deposition testimony in this action by any means.

Further, the parties are ordered to either return the Unites States federal tax returns, attachments and schedules and documents reflecting income funds or benefits Citroen received from Micron, Micron Optics International, Technica, Metallikon, Karlsson & Bergkvist (Schweiz) and S.A. des Etablissements Karoly (SADEK) from 2004 to 2016 from whom or which such protected information was obtained, or to destroy the protected information (including all copies made), within 45 days of the conclusion of this action.

**Definition of Key Terms:**

      a.      The term "confidential information" shall include: any United States federal tax returns, attachments and schedules and documents reflecting income funds or benefits Citroen received from Micron, Micron Optics International, Technica, Metallikon, Karlsson & Bergkvist (Schweiz) and S.A. des Etablissements Karoly (SADEK) from 2004 to 2016, information or data maintained by the Internal Revenue Service such as:

- The name of the person
- His or her mailing address
- His or her taxpayer identification number
- Email addresses
- Telephone numbers
- Social Security numbers
- Bank account numbers
- Date and place of birth
- Mother's maiden name
- Biometric data (e.g., height, weight, eye color, fingerprints)
- The name or identity of an employing unit

3

- Any combination of the preceding

b. Disclosure - The term "disclosure" means the making known to any person in any manner whatever of confidential information

c. Inspect (Browsing) - The term "inspect" means to view in any manner whatever a return, return information or other confidential information

d. Return - The term "return" means any filed tax or information return, declaration of estimated tax, or claim for refund required by, or provided or permitted under the law.

e. Return Information - The term "return information" means a taxpayer's identity, nature, source, or amount of income, payments, receipts, deductions, exemptions, credits, assets, liability, tax withheld, deficiencies, etc. or any other data received by, recorded by, prepared by, furnished to, or collected with respect to the determination of the existence or possible existence, of liability of any person of any tax, penalty, interest, fine, forfeiture, or other imposition or offense.

f. Anyone operating on its behalf - The term "anyone operating on its behalf" means any person subject to counsel for the parties' supervision, including any associate, employee, contractor, agent or representative who is provided access to confidential information provided under the terms of this order.

**Agreement to Maintain Confidentiality.**

All counsel and the parties herein agree that they will not disclose, use or access, in any manner, any confidential information described herein unless authorized to do so under the terms of this order.

**Effect of Breach.**

All counsel and the parties herein understand that a breach of this order may result in sanctions for violation of this order.

Counsel in this action and their employees having access to any confidential information obtained pursuant to this order shall be subject to all privacy federal and state laws and regulations, and will comply with limitations on use, treatment, and safeguarding of data under these laws, regulations and agreements and amendments. Counsel and their employees to this action will provide to Robert Citroen or Robert L. Citroen Law Corporation a current list, upon request of counsel, the employees of counsel who have access

to confidential information disclosed under this order. The list shall include each person's full name, address and telephone number.

Confidential information provided hereunder, or identifiable information derived therefrom, shall not be disclosed to any individual(s) that is/are not subject to this order. Information provided hereunder, or identifiable information derived therefrom, shall not be copied, downloaded, or otherwise placed in any format which may become a public record. Counsel agrees that they will not provide or allow access of the information obtained hereunder to any agent, third party, contractor, subcontractor unless conditioned upon said agent, third party, contractor, subcontractor agreeing in writing to be bound by the use and confidentiality terms and conditions of this confidentiality order.

All parties and counsel and their employees shall exercise reasonable and prudent security procedures to protect such information, reports, returns, and other documentation in their possession, including electronic versions thereof, from any unauthorized access and/or disclosure. Access to the information covered by this order shall be limited to the minimum number of individuals who are counsel or their employees necessary to achieve the states purpose of the order.

Notwithstanding any provisions of this order, any breach of the confidentiality or non-disclosure provisions above shall be grounds for immediate motion or legal action.

**Disposal of Confidential Information.**

Once confidential information or data obtained hereunder is no longer useful for the purposes described herein, counsel agrees to within 45 days return to Plaintiff's counsel or destroy all such confidential documents and information or data maintained on any information system platform or any form of storage media in the following manner:

Confidential information obtained pursuant to this order and any paper material generated therefrom, such as copies, photo impressions, computer printouts, notes, and work papers, must be returned to Plaintiff's counsel or destroyed by burning or shredding. Printed material must be burned in an incinerator that produces enough heat to burn the entire bundle, or the bundle must be separated to ensure that all pages are incinerated. Printed material to be shredded must be shredded in the following manner:

The paper must be inserted so that lines of print are perpendicular to the cutting line; the paper must be shredded to effect 5/16-inch-wide or smaller strips. Consideration should be given to the use of cross-cut shredders; if shredding deviates from the 5/16-inch specification, confidential information must be safeguarded until it reaches the stage where it is rendered unreadable through additional means, such as burning or pulping.

Confidential information obtained pursuant to this order that is stored in electronic format must be returned to Plaintiff's counsel or destroyed in the following manner: Electronic media (e.g., hard drives, tapes, CDs, and flash media) must be destroyed according to IRS Publication 1075 guidance in Section 9.3.10.6, *Media Sanitization (MP-6),* and Section 9.4.7, *Media Sanitization.*

Electronic media containing confidential information must not be made available for reuse by other offices or released for destruction without first being subjected to electromagnetic erasing. If reuse is not intended, the tape must be destroyed by cutting into lengths of 18 inches or less or by burning to effect complete incineration.

Microfilm and microfiche must be returned to Plaintiff's counsel or shredded to effect 1/35-inch by 3/8-inch strips.

Dated this 7th day of November 2017

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE